Matter of Rivera v Annucci (2018 NY Slip Op 04329)





Matter of Rivera v Annucci


2018 NY Slip Op 04329


Decided on June 13, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2016-08416
 (Index No. 412/16)

[*1]In the Matter of Carlos Rivera, appellant, 
v
Anthony J. Annucci, etc., et al., respondents.


Seymour W. James, Jr., New York, NY (Robert C. Newman of counsel), for appellant.
Barbara D. Underwood, Attorney General, New York, NY (Anisha S. Dasgupta and Ester Murdukhayeva of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to review a determination relating to a proceeding to revoke the petitioner's release to postrelease supervision, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (James V. Brands, J.), dated June 21, 2016. The judgment denied the petition and dismissed the proceeding.
ORDERED that the appeal is dismissed, without costs or disbursements.
The petitioner was convicted of sexual abuse in the first degree, and sentenced to a term of imprisonment and a period of postrelease supervision (hereinafter PRS). Upon the petitioner's designation for release to PRS, he was placed at a residential treatment facility in Fishkill (hereinafter Fishkill RTF) as a condition of PRS. The petitioner was subsequently charged with violating a condition of PRS while at Fishkill RTF. After a preliminary hearing, it was determined that probable cause existed to support the alleged violation. Eventually, after a final revocation hearing, the petitioner's release was revoked and a time assessment imposed.
The petitioner commenced this proceeding pursuant to CPLR article 78, asserting that the respondents lacked jurisdiction to revoke his release. The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
Since it is undisputed that subsequent to the denial of his petition, the petitioner completed his time assessment and was released to PRS, with no effect on the maximum expiration date of his sentence of imprisonment or PRS term, this appeal has been rendered academic (see Matter of Smith v New York State Bd. of Parole, 121 AD3d 1466, 1467). Further, this case does not warrant application of the exception to the mootness doctrine (see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715). The issues raised in the petition are not evading judicial review, but are in fact being litigated in other cases (see e.g. Matter of Bennett v Annucci, ___ AD3d ___ [decided herewith]; Matter of Metellus v Annucci, ___ AD3d ___ [decided herewith]).
Accordingly, we dismiss the appeal as academic.
MASTRO, J.P., LEVENTHAL, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court